UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-7182-CIV-HURLEY

FIESTA CHARTERS,
    plaintiff,

vs.

UNITED STATES OF AMERICA,
    defendant.
_____/

**CLOSED CASE**

FILED by _____ D.C.

APR - 5 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · W.P.B.

### ORDER OF FINAL DISMISSAL AND CLOSE-OUT

**THIS CAUSE** is before the court upon the government's motion to dismiss filed February 20, 2001 [DE# 25] together with the plaintiff's response in opposition filed March 12, 2001. [DE # 30]. The issue presented by this motion is whether the "discretionary function" exception to the waiver of the United States' sovereign immunity incorporated in the Suits in Admiralty Act – as interpreted by the Eleventh Circuit Court of appeals in *Mid-South Holding Co. Inc. v United States,* 225 F.3d 1201 (11th Cir. 2000) – precludes a claim for property damages arising out of a negligently performed contraband search of a vessel by United States Coast Guard and U.S. Customs Service personnel.

### I. Background

On January 14, 1997, on the high seas in international waters off Curacao, Netherlands Antilles, agents of the United States Coast Guard attached to the USS Kauffman boarded the "Full Moon," a 114-foot dive vessel owned by plaintiff Fiesta Charters ("Fiesta"), and escorted the vessel to other Coast Guard agents who searched it for contraband. The vessel was ultimately escorted to the United States where, on January 18, 1997, agents of the U.S. Coast Guard and U.S. Customs Service jointly performed an invasive search for contraband, and, finding none,



released the vessel to its owner.

After unsuccessfully submitting administrative claim to the United States Coast Guard for $460,454.23 in property damage allegedly caused by the negligence of the government agents who performed the searches, Fiesta filed complaint on November 25, 1998 against the United States in this court. Previously, the court dismissed with prejudice plaintiff's claims under the Federal Tort Claims Act ("FTCA") and bailment claims asserted under general maritime law [DE #17], leaving only plaintiff's negligence claim asserted under general maritime law.[1] (Amended Complaint, Count II).

The government now moves for dismissal of this claim contending that it is barred by sovereign immunity under application of the discretionary function exception to the FTCA, which preserves the United States' sovereign immunity against "[a]ny claim based upon ... the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the [United States], whether or not the discretion involved be abused." 28 U.S.C. §2680(a) (2000). Where applicable, such an exception to a statutory waiver of immunity has the effect of abrogating federal subject matter jurisdiction over any pursuant claim. *Cohen v United States*, 151 F.3d 1338 (11th Cir. 1998).

## II. Discussion

In *Mid-South Holding Co., Inc. v United States*, 225 F.3d 1201 (11th Cir. 2000), the Eleventh Circuit recently reaffirmed that the "discretionary function" exception to the FTCA

---

[1] Although not explicitly pled as such, this claim is interpreted as one brought pursuant to the Suits in Admiralty Act (the "SAA"), 46 U.S.C. app. §§741-52, which is the sole jurisdictional basis for admiralty claims against the United States. *See Mid-South Holding Co., Inc. v United States*, 225 F.3d 1201, 1203 (11th Cir. 2000).

2

applies to the waiver of the United States' sovereign immunity found in the Suits in Admiralty Act, and further examining this principle in application, addressed the issue of whether the U.S. Customs Service decision to board and search a vessel suspected of narcotics trafficking involved an element of "judgment or choice" that the discretionary exception was designed to shield. It answered this question in the affirmative, reasoning:

> The Customs Service, faced with escalating enforcement duties and limited resources, must decide how best to effectuate our nation's anti-narcotics laws. In so doing, the Customs Service necessarily exercises discretion in deciding whether to board and search a vessel, weighing the costs of implementing such activities against the likelihood of an enforcement success. (citations omitted). The discretionary function exception was designed to prevent judicial "second guessing" of exactly this type of policy-based decision.

225 F.3d at 1206. The Court further rejected the vessel owner's attempt to distinguish between the government's decision to search the vessel, as a shielded discretionary function, and those discrete physical acts involved in the execution of that decision (e.g. disconnection of the vessel's bilge pump), as unprotected operational functions. Recognizing that the "attendant details" of the operation could be characterized as "mundane or as disengaged from any substantial policy considerations," the court nevertheless deemed them "critical to the performance of the discretionary scheme," and hence subsumed within the protection of the discretionary function exception. Upon this rationale, it held the discretionary function exception to the SAA's waiver of sovereign immunity applicable to the entire contraband search operation, and affirmed the district court's parallel conclusion that it lacked subject matter jurisdiction over the vessel owner's claim.

In its pending motion to dismiss, the government contends that the Eleventh Circuit's decision in *Mid-South* is dispositive here, requiring dismissal with prejudice of the plaintiff's

3

complaint. In opposing the motion, Fiesta argues instead that Congress has itself has "second guessed" government search policy decisions within this sphere of operation with the "repudiation" of *Mid-South* achieved through enactment of the Civil Asset Forfeiture Reform Act of 2000, Pub. L. 106-185, 114 Stat. 202, 18 U.S.C. § 983 (2000) and its corresponding amendment to the Federal Tort Claims Act, 28 U.S.C. §2860 (c), which now allows tort claims against the government for damage to property in possession of law enforcement officers pending civil forfeiture proceedings following a lawful seizure of the property where the interest of the claimant is not in fact forfeited. There are numerous conceptual flaws with this argument, however, mandating its rejection.

First, the Eleventh Circuit issued its opinion in *Mid-South* on September 1, 2000, while the Civil Asset Forfeiture Reform Act was passed on April 25, 2000, and by its terms, is applicable "to any forfeiture proceeding commenced on or after the date that is 120 days after April 25, 2000," which was August 23, 2000. Hence, the idea that this legislation somehow "repudiates" the pronouncement of the Eleventh Circuit in *Mid-South*, later issued on September 1, 2000, is illogical.

In addition, in this case there was no "forfeiture proceeding" commenced to trigger application of the Reform Act; moreover, even if the Act were broadly interpreted to encompass a pre-claim search for contraband which does not result in institution of forfeiture proceedings, as Fiesta urges here, the Act would not have retroactive application to this case involving searches conducted between January 14 - 20, 1997, well prior to the April 25, 2000 effective date of the statute.

Finally, even if otherwise applicable, the amendments to the law enforcement exception to the Federal Tort Claims Act, 28 U.S.C. §2860 (c) -- which Fiesta invokes here as a basis for circumventing *Mid-South* and establishing federal subject matter jurisdiction over its claim

4

–would not be dispositive of the court's analysis of its subject matter jurisdiction.[2] Instead, the subject matter jurisdiction issue before the court may be resolved with a determination of the applicability of the discretionary function exception to the SAA's waiver of the United States sovereign immunity – an exception derived from §2860 (a) of the FTCA. Under controlling Eleventh Circuit precedent, this exception is clearly applicable here, and defeats this court's subject matter jurisdiction over the plaintiff's remaining negligence claim. *Mid-South Holding Co., Inc. v United States,* 225 F.3d 1201 (11th Cir. 2000). *See also Montego Bay Imports, Ltd. v United States,* 1990 WL 98044 (S.D. Fla. 1990), *aff'd* 931 F.2d 902 (11th Cir. 1991). It is accordingly

**ORDERED AND ADJUDGED:**

1. The government's motion to dismiss filed February 20, 2001 [DE#25] is **GRANTED,** and case is **DISMISSED WITH PREJUDICE.**

2. There being nothing further for the court to resolve, it is further ordered that the Clerk of the Court shall enter the case as **CLOSED** and terminate any pending motions as **MOOT.**

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this ___ day of April, 2001.

Daniel T. K. Hurley
United States District Judge

Copies furnished:
Andrew W. Anderson, Esq.
Scott A. Memmott, Esq., U.S. Dept. of Justice
David I. Mellinger, AUSA

---

[2] In *Mid-South*, the Eleventh Circuit expressly found it unnecessary to determine the "complex" question of whether to incorporate the law enforcement exception of the FTCA into the SAA, 115 F.3d at 1204 n.5, because it found the distinct discretionary function exception to operate as an absolute bar to claim.